1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

DAVID AUGUST KILLE,

     Petitioner,

vs.

DWIGHT NEVEN, et al.,

     Respondents.

Case No. 2:14-cv-01391-APG-VCF

**ORDER**

     Petitioner has submitted applications to proceed in forma pauperis (#1, #3) and a petition for a writ of error coram nobis.  The court finds that petitioner is unable to pay the filing fee.

     Petitioner is challenging the validity of a judgment of conviction in the Eighth Judicial District Court of the State of Nevada, Case No. 03C193193, for one count of sexual assault upon a minor under sixteen (16) years of age and one count of attempted sexual assault upon a minor under sixteen (16) years of age.  Petitioner invokes the All Writs Act, 28 U.S.C. § 1651, which allows the court to issue any writ necessary in the furtherance of its jurisdiction.

> The All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute. Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling. Although that Act empowers federal courts to fashion extraordinary remedies when the need arises, it does not authorize them to issue ad hoc writs whenever compliance with statutory procedures appears inconvenient or less appropriate.

Pennsylvania Bureau of Corr. v. U.S. Marshals Serv., 474 U.S. 34, 42-43 (1985) (emphasis added). Petitioner is in custody pursuant to a judgment of conviction of a state court, and he is seeking release from that custody.  The statute that addresses this issue is 28 U.S.C. § 2254.  Consequently,

1  this court lacks jurisdiction to issue a writ of error coram nobis to set aside a judgment of a state

2  court.  Casas-Castrillon v. Warden San Diego, Correctional Facility, 265 Fed. Appx. 639, 2008 WL

3  267335, 1 (9th Cir. 2008).  See also Finkelstein v. Spitzer, 455 F.3d 131, 134 (2d Cir. 2006).

4       The court can construe the petition as a petition for a writ of habeas corpus pursuant to 28

5  U.S.C. § 2254, but it cannot yet consider the petition.  Petitioner challenged the same judgment of

6  conviction in Kille v. Donat, Case No. 3:06-cv-00492-LRH-VPC.  The court dismissed that action

7  because it was untimely pursuant to 28 U.S.C. § 2244(d).  Petitioner appealed that dismissal.  Both

8  this court and the Court of Appeals for the Ninth Circuit denied a certificate of appealability.

9       "[D]ismissal of a section 2254 habeas petition for failure to comply with the statute of

10  limitations renders subsequent petitions second or successive for purposes of . . . 28 U.S.C. §

11  2244(b)."  McNabb v. Yates, 576 F.3d 1028, 1030 (9th Cir. 2009).  Petitioner must first obtain

12  authorization from the court of appeals before this court can consider his petition.  28 U.S.C.

13  § 2244(b)(3).

14       Petitioner has submitted a motion to extend prison copywork limit (#2).  The court denies

15  this motion because it is referring the action to the court of appeals.

16       IT IS THEREFORE ORDERED that the applications to proceed in forma pauperis (#1, #3)

17  are **GRANTED**.  Petitioner need not pay the filing fee of five dollars ($5.00).

18       IT IS FURTHER ORDERED that the motion to extend prison copywork limit (#2) is

19  **DENIED**.

20       IT IS FURTHER ORDERED that the clerk of the court shall file the petition for a writ of

21  error coram nobis, which the court construes as a petition for a writ of habeas corpus pursuant to 28

22  U.S.C. § 2254.

23       IT IS FURTHER ORDERED that the clerk shall add Catherine Cortez Masto, Attorney

24  General for the State of Nevada, as counsel for respondents.

25       IT IS FURTHER ORDERED that the clerk shall electronically serve respondents  with a

26  copy of the petition and a copy of this order.  No response by respondents is necessary.

27       IT IS FURTHER ORDERED that, pursuant to Circuit Rule 22-3(a), the clerk of the court

28  shall refer this action to the United States Court of Appeals for the Ninth Circuit.

1    IT IS FURTHER ORDERED that the clerk of the court shall administratively close this

2  action.

3    DATED:  October 21, 2014

4

5                                                                  _____

6                                                                  ANDREW P. GORDON
                                                                    United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28