FILED

FEB 02 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DAVID AUGUST KILLE, Sr., | No. 14-73259 |
| Petitioner, | D.C. No. 2:14-cv-01391-APG<br>District of Nevada,<br>Las Vegas |
| v. | |
| DWIGHT NEVEN, Warden<br>ATTORNEY GENERAL OF THE STATE OF NEVADA, | ORDER |
| Respondents. | |

Before:   CANBY, GOULD, and N.R. SMITH, Circuit Court Judges.

We treat the Petition for Writ of Error Coram Nobis, transferred by the district court on October 21, 2014, as an application for authorization to file a second or successive 28 U.S.C. § 2254 habeas corpus petition in the district court. The application is denied. Petitioner has not made a prima facie showing under 28 U.S.C. § 2244(b)(2) that:

(A)  the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(B)(i)  the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence

that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

*See Jones v. Ryan*, 733 F.3d 825, 843-44 (9th Cir. 2013) (holding that *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), did not announce a new rule of constitutional law); *Buenrostro v. United States*, 697 F.3d 1137, 1140 (9th Cir. 2012) (order) (holding that *Missouri v. Frye*, 132 S. Ct. 1399 (2012), and *Lafler v. Cooper*, 132 S. Ct. 1376 (2012), did not announce a new rule of constitutional law).

Petitioner's motion to treat his filing as a petition for writ of error coram nobis under Title 28 U.S.C. § 1651 is denied. The writ of error coram nobis is not available to petitioner. *See Matus-Leva v. United States*, 287 F.3d 758, 761 (9th Cir. 2002) (when more usual remedy of habeas petition is available, remedy of coram nobis is not, even when claims are time-barred by AEDPA); *Hensley v. Municipal Court*, 453 F.2d 1252, 1252 n.2 (9th Cir. 1972), *rev'd on other grounds*, 411 U.S. 345 (1973) ("We are unable to treat this petition as one seeking coram nobis relief because Hensley seeks to challenge a state court proceeding in federal court. Coram nobis lies only to challenge errors occurring in the same court.").

Any pending motions are denied as moot.

No petition for rehearing or motion for reconsideration shall be entertained in this case. *See* 28 U.S.C. § 2244(b)(3)(E).